UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MECHANICS LAUNDRY & SUPPLY, INC. of INDIANA SHAREHOLDERS LIQUIDATING TRUST on behalf of MECHANICS LAUNDRY & SUPPLY, INC. OF INDIANA a/k/a "MECHANICS LAUNDRY & SUPPLY, INC." and "MECHANICS LAUNDRY & SUPPLY"; FILCO LIMITED, LLC a/k/a "PROGRESS LINEN d/b/a FILCO LTD."; PROGRESS HOLDINGS, LLC f/k/a PROGRESS LINEN SERVICES, LLC a/k/a "PROGRESS LINEN d/b/a FILCO LTD."; and FILCO LIMITED, LLC on behalf of FILCO CORPORATION a/k/a "FILCO, INC. d/b/a IDEAL UNIFORM RENTAL SERVICE," "FILCO d/b/a IDEAL UNIFORM RENTAL," and "QUALATEX," | |
| | CASE NO. 1:04-cv-1122-DFH-TAB |
| Plaintiffs, | |
| v. | |
| AMERICAN CASUALTY COMPANY OF READING, PA, CONTINENTAL CASUALTY COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY and VALLEY FORGE INSURANCE COMPANY, | |
| Defendants. | |

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PA, CONTINENTAL CASUALTY COMPANY, TRANSCONTINENTAL INSURANCE COMPANY, TRANSPORTATION INSURANCE COMPANY and VALLEY FORGE INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>  v.<br><br>FILCO, INC. d/b/a IDEAL UNIFORM RENTAL SERVICES (a/k/a FILCO, INC. d/b/a IDEAL UNIFORM SERVICES), PROGRESS LINEN d/b/a FILCO, LTD., and QUALATEX d/b/a FILCO, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:05-cv-0913-LJM-WTL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ENTRY GRANTING MOTION TO CONSOLIDATE AND DENYING MOTION TO DISMISS COUNTS SEVEN AND EIGHT

Presently before the court are motions that ask the court to provide, by this court's count, the fifth judicial consideration in the third court of the parties' dispute over which court should hear insurance coverage claims concerning pollution at a site in Niles, Illinois. The court believes the issues have been considered adequately by the Northern District of Illinois and the Seventh Circuit, and accordingly grants plaintiffs' motion to consolidate Case No. 1:04-cv-1122-DFH-TAB with Case No. 1:05-cv-0913-LJM-WTL, which was transferred here by the Northern District of Illinois. The court also denies defendants' motion to dismiss Counts Seven and Eight in Case No. 1:04-cv-1122-DFH-TAB, which concern the Niles site.

In Case No. 1:04-cv-1122, plaintiff Mechanics Laundry & Supply, Inc. of Indiana Shareholders Liquidating Trust and other plaintiffs, including several "Filco" entities, sued several insurance companies for coverage of clean-up costs at four locations, three in Indiana and one in Niles, Illinois. Before that case was filed, American Casualty Company of Reading, Pennsylvania, Continental Casualty Company, Transcontinental Insurance Company, Transportation Insurance Company, and Valley Forge Insurance Company had filed an action in state court in Illinois against Filco, which does business as Ideal Uniform Rental Services, Progress Linen, which does business as Filco, Ltd., and Qualatex, which does business as Filco, Inc. The Illinois action addressed legal responsibility for environmental contamination at the Niles, Illinois site. The Illinois plaintiffs sought a declaration that they owe the Filco entities no duty to defend or indemnify under the relevant insurance policies for the contamination of the Niles site.

The Filco defendants removed that action to the United States District Court for the Northern District of Illinois. The Filco defendants in the Illinois action then sought transfer to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a), which authorizes transfers of civil actions for the convenience of the parties or witnesses and in the interests of justice. Judge Der-Yeghiayan initially denied the transfer on October 14, 2004 and again on reconsideration on January 19, 2005. On May 31, 2005, however, Judge Der-Yeghiayan issued a memorandum opinion reconsidering the issue in light of intervening events. He

granted the transfer under § 1404(a) so that the Illinois case could be consolidated with the Indiana case, pending in this court under Case No. 1:04-cv-1122. The Illinois plaintiffs then petitioned for a writ of mandamus. The Seventh Circuit summarily denied the petition on August 3, 2005.

In the meantime, the insurer-defendants in the Indiana case filed a motion to dismiss Counts Seven and Eight, which also deal with the Niles, Illinois facility. That motion is also ripe for decision. The basis of the motion when it was filed was that the Niles issues were already being litigated in the Northern District of Illinois. That foundation has now been removed.

The Filco entities' motion to consolidate seeks to implement the reasoning of Judge Der-Yeghiayan. The insurers do not oppose consolidation for purposes of discovery, but they oppose consolidation for any other purpose.

This court views the issues in the following perspective. First, the Niles claims in Counts Seven and Eight are sufficiently related to the other claims in the case so that they were properly joined with the Indiana site claims in Case No. 1:04-cv-1122 pursuant to Rule 18 of the Federal Rules of Civil Procedure, even though the Niles claims were not required to be filed in the same case.

Second, Judge Der-Yeghiayan has already considered three times where those Niles claims should be adjudicated, and the issue has also been placed

before the Seventh Circuit.  Judge Der-Yeghiayan's eventual decision to transfer under § 1404(a) was an exercise of his discretion on an issue that reasonable jurists could decide either way.  This court sees nothing that would amount to an abuse of that discretion.  There is no need for this court to provide a fifth independent round of federal judicial attention to the forum selection issue.  The interests of justice require that, at some point, the debate over such a discretionary issue comes to an end so that the parties may focus their energies on the merits of the dispute.

Since Counts Seven and Eight are properly part of the Indiana case, the court sees no reason not to consolidate the transferred action with the Indiana case for all purposes.  If later developments in the consolidated case suggest that it would make most sense to try separately the counts concerning separate sites, the court will address that issue at that time.  For now, the motion to consolidate Case No. 1:05-cv-0913 with Case No. 1:04-cv-1122 is hereby granted.  Pursuant to Local Rule 42.2, the Clerk shall administratively close Case No. 1:05-cv-0913, and the parties are directed to file any future documents under Case No. 1:04-cv-1122. Defendants' motion to dismiss Counts Seven and Eight in Case No. 1:04-cv-1122 is hereby denied.  Plaintiffs' motion for leave to file a surreply in opposition to the motion to dismiss Counts Seven and Eight in Case No. 1:04-cv-1122 is also denied.

So ordered.

Date: August 30, 2005

_David F. Hamilton_
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Paul Fischer Jr.
BARNES & THORNBURG LLP
john.fischer@btlaw.com

David Michael Heger
BARNES & THORNBURG LLP
david.heger@btlaw.com

John Milton Kyle, III
BARNES & THORNBURG LLP
john.kyle@btlaw.com

John Anthony Lee
MICHAELS & MAY P.C.
jlee@michaelsmay.com

Jan Michael Michaels
MICHAELS & MAY P.C.
jmichaels@michaelsmay.com

Mary K. Reeder
RILEY BENNETT & EGLOFF LLP
mreeder@rbelaw.com

Scott Michael Salerno
MICHAELS & MAY P.C.
ssalerno@michaelsmay.com